IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 01-00445 SOM |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | KOLAIAH JARDINE'S MOTION FOR |
| vs. | ) | PERMISSION TO TRAVEL |
| KOLAIAH JARDINE, | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT KOLAIAH JARDINE'S
MOTION FOR PERMISSION TO TRAVEL

Defendant KOLAIAH Jardine seeks permission to travel to the Big Island for a week to visit his ailing grandmother. The court is sympathetic, and travel for that very purpose has indeed been approved multiple times over the past years. The present request, however, is denied for several reasons.

First, it is unclear what the status of Jardine's grandmother's health is at present, and a doctor's note in that regard would be helpful, as noted in the Government's opposition.

Second, it is unclear why a weeklong visit is requested, as opposed to only a weekend. When the court imposed the revocation sentence, Jardine said he would use accrued vacation time to cover his incarceration period, so that he could return to his job when released. If he then began his new supervision period with no remaining accrued vacation time, and if any travel would involve unpaid leave, the court is concerned that Jardine may not be evaluating his financial situation

realistically.  Moreover, it may not be the wisest decision to take unpaid leave given the relatively short time he has spent back on the job post-incarceration.

Third, Jardine is only a few months into his new supervision term, and travel this early in a supervision term is rarely permitted.  Of course, the court is willing to make appropriate exceptions, and the court does want to encourage Jardine to maintain his positive family contacts.  Concern over an ailing relative is commendable.  However, Jardine has not provided sufficient information to establish that an exception is appropriate at this time.

Fourth, Jardine's travel risks interrupting his substance abuse treatment.  While he suggests that he be drug-tested on the Big Island, he makes no suggestion with respect to possible disruption of the counseling schedule.

The court encourages Jardine to renew his motion after providing further information to Probation and after carefully considering his employment, financial, and treatment situations and possibly modifying his request accordingly.  Jardine no doubt recalls that the court went to considerable lengths to accommodate his circumstances, particularly his paddleboarding competitions, in fashioning his revocation sentence.  Jardine must now take responsibility for establishing the appropriateness

of further accommodation.  He has not done that on the present motion.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 23, 2012.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

United States of America v. Kolaiah Jardine; CRIMINAL NO. 01-00445 SOM; ORDER DENYING DEFENDANT KOLIAH JARDINE'S MOTION FOR PERMISSION TO TRAVEL